PUBLIC REDACTED VERSION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | |
|---|---|
| MASTERBUILT MANUFACTURING, LLC, <br><br> Plaintiff, <br><br> v. <br><br> WAL-MART STORES, INC., <br><br> Defendant. | Civil Action File <br> No. 4:17-cv-00213-CDL |

**DEFENDANT WALMART'S RESPONSE TO PLAINTIFF MASTERBUILT'S
EMERGENCY MOTION TO ENFORCE SETTLEMENT AND STAY CASE**

In its haste to reach a settlement in this case, Plaintiff Masterbuilt Manufacturing, LLC ("Masterbuilt") prematurely terminated settlement discussions with Defendant Wal-Mart Stores, Inc. ("Walmart") and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇[1] before a final, enforceable agreement was reached on all essential settlement terms. Masterbuilt went so far as to refuse to even meet and confer before filing its motion to enforce ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. But as explained below, there was never a meeting of the minds on all of the essential terms for the proposed settlement agreement, and thus there is no final settlement agreement for this Court to enforce. Masterbuilt's motion to enforce settlement should therefore be denied.[2]

**I.   RELEVANT FACTS**

When Masterbuilt first raised the idea of settlement discussions in February 2018 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[1] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

[2] Walmart ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ do not oppose a short stay of the case to allow the parties to try to reach a mutually acceptable final settlement agreement that can be voluntarily signed by all parties.

1

███████████████████████████. Ex. A, at p. 18.[3]  Indeed, at that time Walmart ████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

*Id.*, at p. 16.[4] ████████████████████████████████████████████████

████████████████████████████████████████ *Id.*, at p. 16-17.  Thus, from the

very beginning, Walmart ████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████ Masterbuilt omitted the foregoing February 2018

████████████████████ in its briefing to the Court seeking to enforce Masterbuilt's version

of the proposed settlement.[5]

   After beginning in February 2018, settlement discussions continued on and off during

March and early April 2018.  The back and forth emails ████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████. *See, e.g.*, Ex. 2, at p. 67, 68, 71,

74, 85, 88, 91, 94, 103, 107, 108, 114, 118, 119.  All parties, in fact, expressly stated during

negotiations that ████████████████████████████████████████████

████████████████████████████████████████████████████████

---

[3] The exhibits labeled with letters are attached hereto.  The exhibits labeled with numbers are attached to Masterbuilt's motion, D.I. 57.
[4] All emphasis has been added to quotations unless otherwise noted.
[5] Ex. 2 to Masterbuilt's motion does not contain all of the parties' material ████████ ████████████.  Ex. A hereto contains, in reverse chronological order, the material ████████████ Masterbuilt failed to provide to the Court with its motion.

████████████████████████████████

████████████████████████████████████████ Ex. A, at p. 10.

Walmart ████████████████████████████████

████████████████████████ Ex. 1, at p. 74.[6]  In Masterbuilt's email

accompanying the second to last version ████████████████████

████████████████████████████████

██████████████ *Id.*, at p. 71.  In the email on March 28, 2018 at 4:41pm that

accompanied the final version ████████████████████

Walmart ████████████████████████

██████████ and asked Masterbuilt to ████████████████

████████████████████████████████

██████████████ *Id.*, at p. 68.

When Masterbuilt circulated ████████████████████

████████████████████████████████

████████████████████████████████

████████████████████

   ████████████████████

    ████████████████████████[7] ██████

   ██████ Ex. 2, at p. 64, § 12.

2. ████████████████████████

  ████████████████████

  ████████████████

  ████ Ex. 2, at p. 69, § 3(a).

---

[6] ████████████████████████████

████████████████████████████. *See*
Ex. 2, at p. 71.

[7] The "Asserted Patents" are U.S. Patent Nos. 6,711,992; 6,941,857; and 7,412,922.

███████████████████████████████████████
███████████████████████████████████████
████████████████████

████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████ *Ex.* 2, at p. 63, § 3; *see also id.*, at p. 63, §§ 4-5 (████████████████████ ██████████).

3. ████████████████████████████████
████████████████████████████████
████████ *Ex.* 2, at p. 64, § 16.

Walmart ████████████████████████████

████████████████████████████████

████████████████████████████████ *See* Ex. 2, pp. 51-59, §§ 3-5, 12, 16.  On April 2, Masterbuilt responded by ████████████████

████████████████████████████████

████████████ *See id.*, at p. 35-42, §§ 3-5, 12, 16; *see also* Ex. A, at pp. 2-9

(████████████████████████████████

██████).[8]

---

[8] Masterbuilt specifically omitted ████████████████████████
████████████████████████████████
████████████████ *See* Ex. 2, at p. 34.  A copy of that omitted ██████ is at Ex. A, pp. 2-9.  *Compare* Ex. A, at pp. 2-9, at ████████████ and §§ 7, 9, 13 (████████████████████████████), *with* Ex. 2, at pp. 52-58 (████████████████████████████).

The parties had a meeting on April 2 to discuss ███████████████████.

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████

█████████████████████████. *See id.*, at p. 24-32. ████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████ *See id.*, at p. 24; *see also id.*, at p. 7. ██████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████ *See id.*, at p. 8. ███████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████ *See id.*

Walmart ████████████ requested a meet and confer to discuss ████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████ *See id.*, at pp. 3-7. Even though Masterbuilt refused to meet and confer, Walmart █████████████████████████████

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮. *See id.*, at p. 2.  Masterbuilt did not respond before filing its motion.

## II.   LEGAL STANDARDS

A motion to enforce a settlement agreement is evaluated under standards similar to a motion for summary judgment.  *See, e.g.*, *Cohen v. Dekalb Cty. Sch. Dist.*, No. 1:09-cv-1153-WSD, 2009 U.S. Dist. LEXIS 110078, at *10 (N.D. Ga. Nov. 25, 2009) (citing *Ballard v. Williams*, 223 Ga. App. 1, 476 S.E.2d 783, 784 (Ga. Ct. App. 1996)); *Parker-Hannifin Corp. v. Schlegel Elec. Materials, Inc.*, 589 F. Supp. 2d 457, 461 (D. Del. 2008).[9]  A court may grant summary enforcement of a settlement only if documents, affidavits, depositions, and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the moving party's case.  *See, e.g.*, *Cohen*, 2009 U.S. Dist. LEXIS 110078, at *10 (citations omitted).  The moving party bears the burden of proving there is no dispute of material fact and courts must draw all disputed factual inferences in the light most favorable to the non-moving party.  *Id.*  "'If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial.'"  *Id.* at *11 (quoting *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1246 (11th Cir. 1999)).

An agreement to settle a pending lawsuit must meet the same formation and enforceability requirements as any other contract: offer, mutual acceptance of all essential terms, and consideration.  *Id.* at *11-12 (citing *Blum v. Morgan Guar. Trust Co. of New York*, 709 F.2d

---

[9] Masterbuilt asserts Georgia law governs the parties dispute over whether there is an enforceable settlement agreement.  Walmart ▮▮▮▮▮▮▮▮▮▮▮▮▮ contend that Delaware law should apply.  Masterbuilt and Walmart are both Delaware companies (*see* D.I. 1, at ¶1; D.I. 41, at ¶2), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*see* Ex. 2, p. 52, ▮▮▮▮▮▮▮), and ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ were conducted in and from at least California, Florida, Georgia, and Kansas.  However, the relevant portions of Georgia and Delaware law appear to be in accord, so it does not appear necessary to conduct a detailed choice-of-law analysis.

1463, 1467 (11th Cir. 1983)).[10] An agreement between two parties "'will occur only when the minds of the parties meet at the same time, upon the same subject matter, and in the same sense.'" *Cohen*, 2009 U.S. Dist. LEXIS 110078, at *12 (quoting *S. Med. Corp. v. Liberty Mut. Ins. Co.*, 216 Ga. App. 289, 454 S.E.2d 180, 182 (Ga. Ct. App. 1995)). "'[I]f there was in fact ***any*** essential part of the contract upon which the minds of the parties had not met, or upon which there was not an agreement . . . it must follow that a valid and binding contract was not made.'" *Id.* at *12-13 (quoting *BellSouth Advertising, Etc., Corp. v. McCollum*, 209 Ga. App. 441, 445, 433 S.E.2d 437 (1993)). "What constitutes an essential term varies according to the nature and complexity of the transaction and must be evaluated on a case by case basis." *Berkery v. Pratt*, 390 F. App'x 904, 907 (11th Cir. 2010). *See also Tiller v. RJJB Assocs., LLP*, 331 Ga. App. 622, 626-27, 770 S.E.2d 883, 886-87 (2015) (citing *Moore v. Hecker*, 250 FRD 682, 685 (S.D. Fla. 2008)) (no meeting of the minds and thus no enforceable settlement agreement where the scope of the release was not agreed upon); *Bridges v. Bridges*, 256 Ga. 348, 349, 349 S.E.2d 172, 174 (1986) (settlement agreement in a divorce not enforceable because the parties failed to agree about whether one party would give up the VCR; noting that "[n]o contract exists until ***all*** essential terms have been agreed to").

For an agreement to settle to be valid, it must be "'definite, certain and unambiguous.'" *Cohen*, 2009 U.S. Dist. LEXIS 110078, at *13 (quoting *Poulos v. Home Fed. Savings & Loan Assoc.*, 192 Ga. App. 501, 385 S.E.2d 135, 136 (Ga. Ct. App. 1989)). An "agreement to agree" on a contract is not itself a binding contract. *Id.* Therefore, "agreements to agree" on essential

---

[10] Georgia and Delaware also generally follow the same contract law standards for determining whether an enforceable settlement agreement been reached. *See, e.g.*, *Parker-Hannifin*, 589 F. Supp. 2d at 461.

terms for a settlement are not enforceable. *Id.*[11] For example, the Supreme Court of Georgia reversed a lower court decision enforcing a "final settlement of the entire matter" announced and confirmed by all parties on the record. *Reichard v. Reichard*, 262 Ga. 561, 565, 423 S.E.2d 241, 244 (1992). The Georgia Supreme Court found that subsequent negotiations of the written settlement document showed that one party's "proposed revision contain[ed] more substantive terms than the purported settlement agreement [announced on the record]" and thus the settlement announced on the record "did not include all terms of the purported settlement." *Id.*

### III.   ARGUMENT

The ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ are not a final, enforceable agreement because Masterbuilt, Walmart, ▮▮▮▮▮▮▮▮ have not agreed to all of the essential terms of the proposed settlement.[12] As explained below, there has been no meeting of the minds on at least the following essential and disputed terms of the settlement: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



▮▮▮▮▮▮▮▮ If there was no agreement between the parties on any one of these essential terms, there cannot be an enforceable settlement agreement and Masterbuilt's motion to enforce its version of the settlement must be denied.

---

[11] *See also Lexington Nat'l Bail Servs. v. Spence*, No. 1:03-CV-2904-JEC, 2007 U.S. Dist. LEXIS 22431, at *15-16 (N.D. Ga. Mar. 28, 2007) (contract to enter into a contract in the future has no effect and thus a purported settlement agreement lacking an essential term is not enforceable).

[12] The primary case relied upon by Masterbuilt, the unpublished opinion *Clough Mktg. Servs. v. Main Line Corp*, 313 Fed. Appx. 208, 211-12 (11th Cir. 2008), is distinguishable because in that case the parties actually performed the settlement agreement by making and accepting payments and exchanging appraisals. Thus, the parties in that case ratified the agreement by their conduct. By contrast here, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ There cannot be an enforceable settlement in this situation. *See, e.g.*, *Reichard*, 262 Ga. at 565, 423 S.E.2d at 244.

A.  **Whether Masterbuilt Must ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is a Disputed Essential Term**

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Ex. 2, at p. 29, § 12. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Ex. 1, at § 12.  It is undisputed there has never been any meeting of the minds on ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  Without mutual agreement on this provision, there cannot be an enforceable settlement agreement (or at the very least, there is a factual dispute that precludes granting Masterbuilt's motion).

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  This is a common best practice in patent settlements.  *See* Brian G. Brunsvold & Dennis P. O'Reilley, Drafting Patent License Agreements 18 (5th ed., BNA Books 2004) (noting that it is always good practice to require the grantor to impose the promise not to sue on any future patent owners).  It also is designed to avoid future lawsuits by patent assignees seeking not to be bound by a prior owner's covenant not to sue.  For example, in *Innovus Prime, LLC v. Panasonic Corp. & Panasonic Corp. of North America, Inc.*, Innovus sued Panasonic on a patent it acquired as the fourth assignee in a chain of assignees from Philips.  No. C-12-660-RMW, 2013 U.S. Dist. LEXIS 93820, at *1 (N.D. Cal. July 2, 2013).  Philips previously covenanted not to sue

Panasonic on the patent, but Innovus argued the covenant not to sue did not apply to it as a later assignee. *Id.* at *11-12. The court ultimately rejected Innovus's argument, but only after litigation ensued and Panasonic moved for summary judgment to enforce the prior covenant not to sue that it obtained from the patent's prior owner, Philips. *Id.* at *14-16, *24-26.

[redacted]

**B. The ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is a Disputed Essential Term**

Masterbuilt, Walmart, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[redacted]

▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. A, at pp. 16-17. The ▮▮▮▮ are essential terms of the settlement because they will determine ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███[13]  Without mutual agreement on ███████, there cannot be an enforceable settlement agreement (or at the very least, there is a factual dispute that precludes granting Masterbuilt's motion).

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████ *Ex.* 2 at p. 69, § 3(a). The ████████ is not itself an enforceable agreement because it recites at most an agreement to agree on ██████████████████████████████████████ *See Cohen*, 2009 U.S. Dist. LEXIS 110078, at *13; *Lexington*, 2007 U.S. Dist. LEXIS 22431, at *15-16.  This is clear because, rather than relying on ████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████ *See* Ex. 2, pp. 6, 24 (████████████████

████████████████).

████████████████████████████████████████

████████████████████████

████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████

---

[13] ███████ have been deemed essential terms for a settlement agreement. *See, e.g., Tiller v. RJJB Assocs., LLP*, 331 Ga. App. at 626-27, 770 S.E.2d at 886-87; *Moore v. Hecker*, 250 FRD at 685.

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

Ex. 2, p. at 63, § 3 (emphasis added); *see also id.* §§ 4-5 (██████████████).

If a definite, certain, and unambiguous agreement regarding █████████

████████████████████████████████████████

██████t[14] ██████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████ Each word of a contract must be given effect and therefore each of the new terms Masterbuilt proposed ███████████████████████████

████████[15] ███████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

The negotiation history also shows ██████████████████

████████████████████████████████████████

---

[14] By comparison, Masterbuilt essentially copied ████████████████
██████████████████████████████ *Compare* Ex. 2, at pp. 69-70, §§ 1, 2, 3(b) to 3(f), 4, and 5 (██████████), *with* Ex. 1, §§ 2(a) to 2(g), 6, and 8 (█████████████
█████████████████).

[15] *See, e.g., Floyd v. Floyd*, 291 Ga. 605, 609, 732 S.E.2d 258, 291 n.8 (2012) ("[W]henever possible, a contract should not be construed in a manner that renders any portion of it meaningless.").

[16]

[17]

*See* Ex. 2, at pp. 54-55, §§ 3-5 ( ); *id.*, at pp. 26-28, §§ 1 ( ) and 3-5 ( ).

[18]

Further, because Masterbuilt has sold Walmart certain Masterbuilt smoker, fryer, and other products over the last several years, Walmart also sought to clarify that

For example, there could be

---

[16] *Compare* Ex. A, at pp. 2-9, at ▉▉ and §§ 7, 9, 13 (▉▉▉▉), *with* corresponding sections of Ex. 2, at pp. 52-58 (▉▉▉▉).

[17] *See* Ex. 2, pp. 51 and 54-55, §§3-5 (▉▉▉); *id.*, at p. 35 (Masterbuilt rejection); *id.*, at pp. 24 and 27-28, §§3-5 (▉▉▉); *id.*, at p. 8 (▉▉▉); *id.*, at p. 2 (▉▉▉).

[18] *See* Ex. B, § 4 ▉▉▉); Ex. C, §§ 1.1 and 1.5 (▉▉▉) and § 9.2 (▉▉▉); Ex. D, §§ 1.1, 1.5, 9.2 (▉); Ex. E, §§ 1.1, 1.4, 4 (▉).

████ *See* Ex. 2, at pp. 2, 6, 24. Indeed, Walmart presumed Masterbuilt would ████ *See id.*, at p. 6. But Masterbuilt has not being willing ████ This ambiguous language might be read incorrectly later to ████[19]

Until Masterbuilt provided the ████ But after Masterbuilt proposed ████, Walmart quickly raised its concerns and sought ████. Walmart also attempted to work with Masterbuilt to address Masterbuilt's ████. *See* Ex. 2, at pp. 2, 6, 24, and

---

[19] Under Arkansas law ████, a duty to defend does not arise until a complaint is filed and an indemnity claim does not arise until damages are paid to the third party on a claim. *See, e.g., Atl. Cas. Ins. Co. v. CM Sellers, LLC*, No. 1:16-cv-1002, 2017 U.S. Dist. LEXIS 159736, at *5-6 (W.D. Ark. Sep. 28, 2017); *Ray & Sons Masonry Contractors, Inc. v. United States Fid. & Guar. Co.*, 353 Ark. 201, 216, 114 S.W.3d 189, 198 (2003). ████

35. But Masterbuilt was not willing to engage ████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████ and refused to even meet and confer before filing its motion with the Court. *See* Ex. 2, at pp. 3-7.

    **C.**     **The ██████████████████ is a Disputed Essential Term**

████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████ *See* Ex. 2, at p. 64, § 16. ████████████████ ████████████████████████████████████████████████ *Id.*, at p. 56, § 16. ████████████████████████████████████████ ██████████████████ *Id.*, at p. 47.[20] It is undisputed there has never been any meeting of the minds on ██████████████████████. ████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████ Without a mutual agreement on ██████████████████████, there cannot be an enforceable settlement agreement (or at the very least there is a factual dispute that precludes granting Masterbuilt's motion).

## IV.   CONCLUSION

Because there is at least a dispute of material fact concerning whether Masterbuilt, Walmart, ██████████████ have agreed to all of the essential terms of the proposed settlement agreement, the Court should deny Masterbuilt's motion to enforce settlement.

---

    [20] ██████████████████████████████████████████████████ ████████████████████████████████████████████████ *See* Ex. B, § 11; Ex. C, § 9.13; Ex. D, § 9.13; Ex. E, § 14.

Dated: April 11, 2018				Respectfully submitted,

                                             */s/Joshua D. Curry*
						Joshua D. Curry
						Georgia Bar No. 117378
						josh.curry@lewisbrisbois.com
						LEWIS BRISBOIS BISGARRD & SMITH LLP
						1180 Peachtree Street, NE Suite 2900
						Atlanta, Georgia 30309
						Telephone:	(404) 348-8585
						Facsimile:	(404) 467-8845


						Pete Robinson
						Georgia Bar No. 610658
						pete.robinson@troutmansanders.com
						John M. Bowler
						Georgia Bar No. 724440
						john.bowler@troutmansanders.com
						TROUTMAN SANDERS LLP
						5200 Bank of America Plaza
						600 Peachtree Street, N.E.
						Atlanta, Georgia 30308-2216
						Telephone:	(404) 885-3699
						Facsimile:	(404) 962-6725

						*ATTORNEYS FOR WALMART STORES, INC.*

## CERTIFICATE OF SERVICE

      I hereby certify that on the date below, the foregoing document was electronically filed via CM/ECF, which will automatically send a copy to all counsel of record.

      Dated: April 11, 2018				*/s/Joshua D. Curry*

16